**SO ORDERED: October 18, 2012.**



_____
**Anthony J. Metz III
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| REBECCA LEE BRICKET, | ) | Case No.  10-03594-AJM-7 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| WILLIAM J. TUCKER, Trustee for the | ) | |
| Bankruptcy Estate of Rebecca Lee Brickert, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | Adversary Number 12-50140 |
| | ) | |
| RICHARD BRICKERT. JR., | ) | |
| | ) | |
| Defendant. | ) | |

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER GRANTING
DEFENDANT'S MOTION TO DISMISS THE ADVERSARY COMPLAINT**

The matter before the Court is the motion of Defendant, Richard Brickert, Jr. to dismiss the adversary complaint filed by Chapter 7 Trustee William J. Tucker. This is a core proceeding under 28 U.S.C. 157(b)(2). After considering the evidence presented at the hearing and the briefs submitted by both parties, this Court now makes the following findings of fact, conclusions of law and order dismissing the above-captioned complaint.

The issue before the Court is whether the Trustee can increase the Bankruptcy Code's statute of limitations set forth in 11 U.S.C. § 546 from two years to a new four year period allowed under state law when 11 U.S.C. § 544 authorizes the Trustee to act as a judgment lien creditor under applicable non-bankruptcy law. After reviewing the pleadings on file and the relevant law, and hearing the arguments of the Trustee's counsel, the Court makes the following findings of fact and conclusions of law, pursuant to Bankruptcy Rule of Procedure 7052:

## *Findings of Fact:*

1. On March 18, 2010, Rebecca Lee Brickert (the "Debtor"), filed her petition for relief under Chapter 7 of the Bankruptcy Code.

2. In her Statement of Financial affairs section 10 ("Other Transfers"), also filed on March 18, 2010, the Debtor stated that she transferred property at 4054 S. County Road 800 E., Coatesville, IN 46121 to her brother, Richard Brickert for no value.

3. The Trustee became interim Chapter 7 Trustee by appointment of the United States Trustee on March 20, 2010 and then became the Trustee herein pursuant to 11 U.S.C. § 702(d). No other trustee has been appointed or elected in this case.

4. On April 23, 2012, more than two (2) years after granting the order for relief, the Trustee filed the above captioned adversary complaint against the Defendant seeking a turnover of property pursuant to 11 U.S.C. § 548.

5. On May 3, 2012, the Defendant filed an answer to the complaint and on May 4, 2012, filed a motion to dismiss the case pursuant to section 546 of the Bankruptcy Code.

6. The adversary complaint was amended on July 13, 2012, adding two additional counts as a judgment lien creditor under Indiana Code §§ 32-18-2-14 & 15 which includes a four-year reach back period to avoid fraudulent transfers.

7. The Defendant filed an amended answer and motion to dismiss arguing that the section 546 two-year statute of limitations applies regardless of whether the Trustee files a complaint to avoid a transfer under section 548 or whether acting as a judgment lien creditor under section 544.

8. The Trustee responded on August 17, 2012, arguing that the complaint to avoid the fraudulent transfer was not commenced under any provision of the Bankruptcy Code, but was only a state law cause of action.

*Conclusions of Law:*

9. The Court finds that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F) and (O).

10. Federal Rule of Civil Procedure 12(b)(6), made applicable to this case by Bankruptcy Rule 7012(b), provides that dismissal based upon the statute of limitations is proper if the adversary complaint establishes the elements of a statute of limitations defense. *Independent Trust Corp. v. Stewart Info. Services Corp.*, 665 F.3rd 930 (7th Cir. 2012).

11. A statute of limitations provides an affirmative defense, and a plaintiff is not required to plead facts in the complaint to anticipate and defeat affirmative defenses. But when a plaintiff's complaint nonetheless sets out all of the elements of an affirmative defense, dismissal under Rule 12(b)(6) is appropriate. Id. at 935.

12. In ruling on a motion to dismiss under Rule 12(b)(6) the Court must accept as true all facts alleged in the complaint and draw all reasonable inferences from those facts in favor of the plaintiff. Jackson v. E.J. Brach Corp., 176 F.3d 971, 977-78 (7th Cir. 1999). In this case the parties have agreed that there are no facts in dispute and a ruling on the Defendant's motion is proper

13. Section 546(a) of the Bankruptcy Code sets a two-year limit for the commencement of avoidance actions on behalf of the bankruptcy estate to recover money or property transfers. This provision was amended in 1994 to provide an additional year for such actions running from the date of the appointment or election of certain trustees, if and only if such appointment or election occurs before the expiration of the afore-mentioned two-year period.

14. Specifically, Section 546(a) states:

> (a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of –
>> (1) the later of –
>>> (A) 2 years after the entry for order for relief; or
>>> (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or
>>
>> (2) the time the case is closed or dismissed.

15. Although the Trustee was authorized to file actions under Indiana Law, such authority was only granted to the Trustee pursuant to Bankruptcy Code section 544, which states in part:

> **§ 544 Trustee as lien creditor and as successor to certain creditors and purchasers.**
>
> **(a)** The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
>> **(1)** a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;
>
> **(b)**

>**(1)** Except as provided in paragraph (2), the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section of this title.

16. While the Indiana Code allows judgment lien creditors a four-year reach back period to avoid fraudulent transfers, and while section 544 authorizes the Chapter 7 trustee to act as a judgment lien creditor, ultimately section 456 sets a strict statute of limitations for Trustees bringing actions under either sections 544 or 548.

17. The Chapter 7 trustee at all times remains a creature of statute of the Bankruptcy Code and the Code's statute of limitations applies to the Chapter 7 trustee regardless of whether the trustee's action is subject to other applicable non-bankruptcy laws.

18. There was no evidence presented that the Defendant agreed to waive the statute of limitations affirmative defense. Nor, did the Trustee present any evidence that the Debtor intended to conceal the transaction. Thus there is no tolling of the statutory bar.

19. To the extent that there is a conflict between state law and Federal law, the Supremacy Clause of the Constitution requires that the Federal law preempt state law. Congress may indicate pre-emptive intent through a statute's express language or through its structure and purpose. See *Jones v. Rath Packing Co,* 430 U. S. 519 (1977). The specific language of the statute says that an action under Section 544, 545, 547, 558, or 553 *may not* be filed after two years after the entry of the order for relief or one year after the appointment or election of the first trustee under section 702 if such appointment or such election occurs before the expiration of the two year period.

20. Filing an adversary complaint under either section 544 or section 548 must be commenced within the applicable statute of limitations outlined in section 546. The complaint was not filed in a timely manner.

## *Order:*

For the reasons stated above, it is therefore ORDERED that the Motion to Dismiss made by Robert Brickert, Jr. is granted

#   #   #